Juan Luis FIGUEROA, Plaintiff–
Appellant,

v.

Anat WEISENFREUND, Judith Davison, Early Intervention and Development Disabilities, Defendants–Appellees.

No. 06–5705–cv.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2007.

Juan Luis Figueroa, Brooklyn, NY, pro se.

Michael A. Cardozo, Corporation Counsel for the City of New York, Marta Ross, Assistant Corporation Counsel, New York, NY, for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Juan Luis Figueroa, *pro se,* appeals from the December 8, 2006 judgment of the United States District Court for the Eastern District of New York (Bianco, J.) granting Defendants–Appellees' motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

Appellant Juan Luis Figueroa began working at the New York City Early Intervention Program ("EIP") as an Early Intervention Official Designee ("EIOD") on or around December 18, 1998. (Defendant Early Intervention and Development Disabilities is a part of the EIP.) In June 2003, Appellant brought this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that Appellees violated his First Amendment rights by terminating his employment after he spoke out about their purported "preferential treatment" of Orthodox Jewish service providers, who were themselves allegedly discriminating against minority children and families.

■ On appeal, Figueroa argues that the district court erred in finding that he had not established a *prima facie* case of

retaliatory termination. The district court held that Figueroa failed to demonstrate a causal link between his protected speech and his termination. Specifically, the court observed that Figueroa was not terminated until nearly fifteen months after he admittedly refrained from vocalizing his views so openly, and just under a year after the last staff meeting during which he testified that he spoke out about the supposed "abuses" in the system. "This court has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." *Gorman–Bakos v. Cornell Coop. Extension,* 252 F.3d 545, 554 (2d Cir.2001). However, this gap is too long to establish the required causal connection sufficient to support a § 1983 claim. *See id.* (collecting cases declining to find temporal proximity where the gap between the protected speech and the adverse employment action was too long).

Nor did Figueroa establish that similarly situated employees were treated differently, or that there was direct evidence of retaliatory animus. *See Sumner v. U.S. Postal Serv.,* 899 F.2d 203, 209 (2d Cir.1990) (holding that, in the context of a Title VII retaliation claim, causation can be established "through evidence of disparate treatment of employees who engaged in similar conduct or directly through evidence of retaliatory animus"). Further, even if Figueroa had established a *prima facie* case of retaliation, Appellees produced virtually uncontroverted evidence of numerous complaints about Figueroa's work performance, thus persuasively establishing that he would have been fired even in the absence of any protected speech. *See Skehan v. Village of Mamaroneck,* 465 F.3d 96, 106 (2d Cir.2006) (stating that a defendant can rebut a *prima facie* case of retaliation by showing that it

"would have taken the same adverse action against the plaintiff regardless of the plaintiff's speech").

Having carefully considered Figueroa's remaining arguments and finding them without merit, we hereby AFFIRM the judgment of the district court.